IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| In the Matter of the Detention of<br><br>VICTOR CANNON,<br><br>Petitioner.<br>------------------------------------------------------<br><br>In the Matter of the Personal Restraint<br><br>of VICTOR CANNON,<br><br>Petitioner. | No. 69731-5-I<br>(consolidated with<br>70170-3-I and 71131-8-I)<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION<br><br>FILED: January 11, 2016 |

BECKER, J. — Victor Cannon, committed as a sexually violent predator, moves for discretionary review of his 2012 and 2013 show cause hearing decisions. Because we find no error in the decisions, we deny review. He also seeks relief via a personal restraint petition. Because he has not shown that the statutory remedy available to him is inadequate, we dismiss the personal restraint petition.

Victor Cannon is currently confined at the Special Commitment Center as a sexually violent predator pursuant to chapter 71.09 RCW. He is entitled by statute to a written annual review by a qualified professional to determine whether he continues to meet the criteria for confinement. RCW 71.09.070. Following the annual review, he has the right to petition the court for release. RCW 71.09.090(2)(a). If he petitions for release, the court must hold a show

cause hearing to determine if sufficient grounds exist to hold a full evidentiary hearing. RCW 71.09.090(2). At the show cause hearing, the State bears the burden of presenting prima facie evidence to establish that Cannon continues to meet the definition of a sexually violent predator and that conditional release of Cannon to a less restrictive alternative is inappropriate. RCW 71.09.090(2)(b). Alternatively, Cannon may present prima facie evidence that there is probable cause to believe his condition has "so changed" that release is appropriate. RCW 71.09.090(2)(c)(ii). If the State fails to meet its burden or Cannon succeeds in presenting his "so changed" evidence, the court must hold a full evidentiary hearing. RCW 71.09.090(2)(c).

Cannon's annual review in 2012 was the basis for a show cause hearing on December 3, 2012. The superior court found that the State had met its burden to present prima facie evidence establishing that Cannon continued to meet the definition of a sexually violent predator. Cannon did not present any other evidence. Cannon appealed the superior court's decision by filing a motion for discretionary review with this court. See In re Pers. Restraint of Petersen, 138 Wn.2d 70, 90, 980 P.2d 1204 (1999) (discretionary review under RAP 2.3(b) is appropriate process for obtaining review of decisions in hearings held pursuant to RCW 71.090.090(2)). Cannon argued that the State had failed to meet its burden to show that he continued to meet the definition of a sexually violent predator because the annual report, on which the State exclusively relied, stated that actuarial tools predicted his recidivism rate to be between 31.2 percent and 41.9 percent within 10 years. Cannon also filed a personal restraint petition

2

reiterating the same argument. Cannon filed both the motion for discretionary review of the 2012 ruling and the personal restraint petition on April 1, 2013. They were consolidated on May 23, 2013. The State filed a consolidated opposition to Cannon's motion for discretionary review and his personal restraint petition on July 19, 2013.

Cannon's annual review in 2013 was the basis for a show cause hearing on November 18, 2013. The superior court again found that the State had met its burden to present prima facie evidence establishing that Cannon continued to meet the definition of a sexually violent predator. Cannon again appealed the superior court's decision by filing a motion for discretionary review with this court. In this motion for discretionary review of the 2013 ruling, filed March 20, 2014, Cannon reiterated his argument from the previous year. In addition, he challenged the qualifications of the State's expert, Dr. Jonathan Allison, and he raised due process and equal protection challenges to the probable cause standard for confinement of sexually violent predators under RCW 71.09.090. The State opposed Cannon's motion on April 11, 2014.

On July 17, 2014, Commissioner Mary Neel consolidated the more recent motion for discretionary review of the 2013 ruling with the earlier motion and personal restraint petition pertaining to the 2012 ruling. Commissioner Neel stayed review of Cannon's proceedings pending a decision by the Washington Supreme Court in the appeal of In re Pers. Restraint of Meirhofer, noted at 175 Wn. App. 1049 (2013), affirmed, 182 Wn.2d 632, 343 P.3d 731 (2015).

3

The Washington Supreme Court issued the <u>Meirhofer</u> decision on February 12, 2015. <u>In re Pers. Restraint of Meirhofer</u>, 182 Wn.2d 632, 343 P.3d 731 (2015). Accordingly, Commissioner Neel lifted the stay on Cannon's consolidated proceedings and directed the parties to file supplemental briefing regarding the impact of <u>Meirhofer</u> on Cannon's pending cases. Both parties filed supplemental briefing in August 2015.

## MOTIONS FOR DISCRETIONARY REVIEW

Cannon seeks discretionary review of his 2012 and 2013 show cause hearing decisions where the superior court found that the State had met its prima facie burden for continued confinement and denied Cannon a full evidentiary hearing. Cannon requests that this court grant discretionary review under RAP 2.3(b)(2). Under this provision, the moving party alleges that "the superior court has committed probable error and the decision of the superior court substantially alters the status quo or substantially limits the freedom of a party to act." Cannon's motions do not meet this test. The trial court did not commit probable error.[1]

---

[1] Arguably, RAP 2.3(b)(2) is inapplicable; the trial court decision neither impacts the parties' rights outside the litigation, nor changes the rights of a party or modifies some existing condition. <u>See</u> Stephen J. Dwyer, Leonard J. Feldman, & Hunter Ferguson, <u>The Confusing Standards for Discretionary Review in Washington and a Proposed Framework for Clarity</u>, 38 Seattle U. L. Rev. 91 (2014). Instead, the applicable rule here appears to be (b)(1), obvious error that renders further proceedings useless. If the trial court erred in finding the State met its prima facie burden, then further proceedings are useless because Cannon has been denied the evidentiary hearing to which he is entitled.

We reach the same conclusion under either (b)(1) or (b)(2). There was no error, probable or obvious.

Cannon argues that the State failed to meet its prima facie burden to establish that Cannon continued to meet the definition of a sexually violent predator in 2012 and 2013. A sexually violent predator is defined in part as a person who is "likely to engage in predatory acts of sexual violence if not confined in a secure facility." RCW 71.09.020(18). Cannon contends the State did not show he was likely to reoffend because the annual report, on which the State exclusively relied, stated that actuarial tools predicted his recidivism rate to be between 31.2 percent and 41.9 percent within 10 years.

Meirhofer demonstrates that the trial court did not err in rejecting Cannon's argument. Meirhofer held that the State can make a prima facie showing that a sexually violent predator is likely to reoffend, even where actuarial tools predict a rate of reoffense of less than 50 percent, where the State's expert opines based on static and dynamic risk factors and his own clinical judgment that there has been no change in the sexually violent predator. Meirhofer, 182 Wn.2d at 645-46.

In this case, the State's expert, Dr. Allison, diagnosed Cannon with several disorders and identified additional dynamic risk factors in Cannon's case: sexual drive and preoccupation, deviant sexual interests, substance abuse, dysfunctional thinking style, poor decision-making, emotional deregulation, lack of anger management skills, and lack of insight about his own shortcomings. Dr. Allison's diagnoses and observations are supported by the evidence reviewed in his reports, including a comprehensive account of Cannon's lengthy criminal history and Cannon's actions while incarcerated. Dr. Allison's reports for 2012

and 2013 emphasize that Cannon has not participated in treatment at the Special Commitment Center. The reports state Dr. Allison's professional opinion that Cannon continued to meet the definition of a sexually violent predator. Following Meirhofer, we conclude Dr. Allison's reports satisfied the State's prima facie burden to show that in 2012 and 2013, Cannon was likely to reoffend if not confined.

Cannon's motion for discretionary review of the 2013 show cause hearing decision raises the additional argument that Dr. Allison was not qualified as an expert to write that year's report. A witness is qualified as an expert by knowledge, skill, experience, training or education. ER 702. Dr. Allison has earned a doctorate degree in clinical psychology and is a licensed psychologist in Washington State. By the time he wrote Cannon's annual report for the 2013 show cause hearing, Dr. Allison had been working as a psychologist at the Special Commitment Center writing sexually violent predator annual reports for approximately eight years. Dr. Allison thus possesses the requisite education and work experience to qualify as an expert.

Cannon points out cut-and-paste errors in the 2013 annual report as evidence of Dr. Allison's lack of qualifications. While such errors indicate a certain sloppiness on the expert's behalf, they do not go to the heart of the expert's qualifications. Cannon cites to selected portions of a deposition of Dr. Allison to argue that Dr. Allison did not know the applicable legal standards for continued sexual violent predator commitment. This deposition was taken in the case of another individual, not Cannon. Cannon has submitted only 20 pages of

6

the deposition, which apparently numbered at least 80 pages total, so we cannot know whether the deposition as a whole reflected that Dr. Allison lacked the requisite knowledge of the standards for continued commitment. The deposition was also taken approximately two months *before* Dr. Allison wrote Cannon's 2013 annual report. Thus, it does not necessarily reflect what he knew at the time he wrote the report. For these reasons, we find no error in the superior court's acceptance of Dr. Allison as a qualified expert at Cannon's 2013 show cause hearing.

Cannon's motion for discretionary review of the superior court's 2013 decision raises another argument: that the prima facie standard under RCW 71.09.090 violates the due process clause and the equal protection clause of the Fourteenth Amendment. Cannon failed to raise these constitutional issues in the superior court. Even assuming Cannon can move for discretionary review of these issues despite his failure to raise them below, his arguments are unpersuasive. Cannon's equal protection argument asserts that there is no rational basis for distinguishing between sexually violent predators committed under chapter 71.09 RCW and mentally ill individuals committed under chapter 71.05 RCW when it comes to the standard of proof required in continuing the individual's commitment. However, our Supreme Court has repeatedly held that there is a rational basis for distinguishing between sexually violent predators and other mentally ill people committed under chapter 71.05 RCW. See In re Det. of Turay, 139 Wn.2d 379, 408-13, 986 P.2d 790 (1999) (The fact that mentally ill persons committed under chapter 71.05 RCW receive review hearings every 180

7

days and sexually violent predators only receive annual review hearings did not violate equal protection clause because there is a rational basis for distinguishing the two groups), cert. denied, 531 U.S. 1125 (2001); In re Det. of Thorell, 149 Wn.2d 724, 72 P.3d 708 (2003) (The fact that sexually violent predators do not have the same least restrictive alternatives as mentally ill people committed under chapter 71.05 RCW does not violate equal protection clause because there is a rational basis for distinguishing the two groups), cert. denied, 541 U.S. 990 (2004). Generally, there is a rational basis for treating sexually violent predators differently than mentally ill people committed under chapter 71.05 RCW because they have a high likelihood of reoffense, require long-term and specialized treatment, and pose a particular public danger. See Turay, 139 Wn.2d at 410-11; Thorell, 149 Wn.2d at 749-50. Cannon's equal protection argument is unconvincing.

Cannon's due process challenge is to the "probable cause" or "prima facie" standard of proof at the show cause hearing. However, our Supreme Court has held that the sexually violent predator commitment provisions as a whole satisfy both substantive and procedural due process. See State v. McCuistion, 174 Wn.2d 369, 389-90, 275 P.3d 1092 (2012), cert. denied, 133 S. Ct. 1460 (2013). Cannon's due process argument is thus also unconvincing. Cannon's motions for discretionary review of his 2012 and 2013 show cause hearing decisions are denied.

Cannon has moved to supplement the appendix to his motions for discretionary review with new information about Dr. Allison's qualifications. See

8

RAP 17.3(b)(8) (each motion for discretionary review contains an appendix of relevant parts of the record). Dr. Allison prepared Cannon's 2015 annual report. This report contained cut-and-paste errors and internal inconsistencies. Cannon conducted a lengthy deposition of Dr. Allison in 2015. According to the State, this deposition "served to highlight a number of issues regarding the report and opinion that were not apparent on its face—issues the State could not have anticipated." In light of these issues, the State moved the trial court to continue Cannon's 2015 show cause hearing. The State wanted to have an opportunity "in light of the issues now apparent," to consult with a different expert "so as to ensure that the information the Court considers is thoughtful, defensible, and objective." The State argued that its "hands should not be tied to an opinion that does not meet its quality standards."

Cannon contends the State's motion for a continuance amounts to a "concession" that Dr. Allison is unqualified and his 2015 report was inadequate to satisfy the State's prima facie burden. He argues that this 2015 "concession" is highly relevant to his claims that Dr. Allison was not qualified as an expert at his 2013 hearing and that Dr. Allison's 2012 and 2013 reports were insufficient to satisfy the State's burden. Cannon implies that the issue the State is concerned about in the 2015 annual report shows that Dr. Allison was also unqualified to write the earlier reports and that the earlier reports were also insufficient.

The State's motion for a continuance of the 2015 hearing is not a "concession" as to the 2015 report. And in any event, the 2015 documents are not relevant to our review of the show cause hearing decisions in 2012 and 2013.

9

The 2012 and 2013 show cause hearing decisions occurred years before the issues with the 2015 annual report arose. We therefore deny Cannon's motion to supplement the appendix.

PERSONAL RESTRAINT PETITION

There are no special rules prohibiting those committed under the sexually violent predator act from filing otherwise meritorious personal restraint petitions. Meirhofer, 182 Wn.2d at 648. However, a personal restraint petition is not a substitute for statutory avenues for review. Meirhofer, 182 Wn.2d at 648. Before the merits of a substantive claim in a personal restraint petition will be considered, the petitioner must show that "other remedies which may be available to petitioner are inadequate." RAP 16.4(d); Meirhofer, 182 Wn.2d at 648.

In this case, chapter 71.09 RCW creates an adequate remedy by which a committed individual may seek relief from commitment. A committed sexually violent predator will be entitled to an evidentiary hearing if the State fails to meet its burden to present prima facie evidence at the show cause hearing establishing that he still meets the definition of a sexually violent predator. RCW 71.09.090(2). Because Cannon's only argument in the personal restraint petition is that the State did not meet its prima facie burden, Cannon does not show that the statutory avenue for relief is inadequate. Meirhofer, 182 Wn.2d at 648. At Cannon's 2012 show cause hearing, the court determined that the State did meet its prima facie burden. Cannon presented no countervailing evidence. The mere fact that Cannon was denied an evidentiary hearing does not mean that the

avenue for relief afforded by the statute was inadequate. Cannon's challenge to the decision denying him an evidentiary hearing in 2012 is being addressed through this court's consideration of his motion for discretionary review of that decision, discussed above. The result is controlled by Meirhofer, just as it would be if we considered Cannon's personal restraint petition. Because the opportunity to move for discretionary review is an adequate remedy, Cannon's personal restraint petition must be dismissed.

In summary, Cannon's motions for discretionary review of the 2012 and 2013 show cause hearing decisions denying him a full evidentiary hearing are both denied. Cannon's personal restraint petition is dismissed.

Becker, J.

WE CONCUR:

Cox, J.